STATE v. MARIAN BUTTERFIELD JANDRO.

248 N. W. 2d 311.

November 26, 1976—No. 46393.

*James R. Martin,* for appellant.

*Warren Spannaus,* Attorney General, *Richard G. Mark,* Assistant Attorney General, *Gary Hansen,* Special Assistant Attorney General, and *James R. Korman,* County Attorney, for respondent.

Considered and decided by the court without oral argument.

PER CURIAM.

Defendant was found guilty by a district court jury of two misde-

meanor counts of violating Minn. St. 256.98[1] and was sentenced by the trial court on each count to a term of 30 days in jail (with execution stayed for 1 year on condition she comply with probation) and to a fine of $100. After careful consideration of the issues raised by defendant on her appeal from judgment of conviction, we affirm.

Evidence introduced at defendant's trial showed that in applying for welfare benefits (A.F.D.C.) defendant stated that she was divorced and not remarried when, in fact, she recently had remarried. After receiving aid for 6 months pursuant to this application, defendant filed an identical application in order to receive aid for another 6 months. There was evidence that during the relevant time periods defendant's new husband resided with her and her children on an intermittent basis. A county welfare official testified that under the state policy then in effect defendant received more aid than she would have been entitled to if she had informed the county that she was remarried and that her husband was living with her on an intermittent basis.

It is true, as defendant points out, that this state policy (automatically reducing benefits without inquiring first into whether the resident husband contributed financially to the household) has been invalidated on the ground that it is inconsistent with Federal regulations governing such aid. Hoehle v. Likins, 405 F. Supp. 1167 (D. Minn. 1975). See, also, Van Lare v. Hurley, 421 U. S. 338, 95 S. Ct. 1741, 44 L. ed. 2d 208 (1975), and Meagher v. Hennepin County Welfare Board, 300 Minn. 446, 221 N. W. 2d 140 (1974). However, defendant did not challenge the legality of the state policy at trial and therefore she waived this issue.

Beyond this, defendant was not convicted of *receiving* aid to which she was not entitled. Rather, the gist of her offense was making wilfully false statements in an *attempt to obtain* aid to which she was not

---

[1] Minn. St. 256.98 reads in relevant part as follows: "Whoever obtains, or attempts to obtain, or aids or abets any person to obtain by means of a wilfully false statement or representation, or by impersonation or other fraudulent device, assistance to which he is not entitled, or assistance greater than that to which he is entitled, or knowingly aids or abets in buying or in any way disposing of the property of a recipient of assistance without the consent of the county agency with intent to defeat the purpose of Minnesota Statutes 1971, Sections 256.451 to 256.475, 256.13 to 256.43, 256.49 to 256.71, 256.72 to 256.87, or chapter 256B, shall be guilty of theft and punished in accordance with section 609.52, subdivision 3, clauses (1), (2) and (5)."

entitled. There clearly was sufficient evidence to support defendant's conviction of this offense.

Affirmed.